**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1275
_____

RONALD SATISH EMRIT,
                            Appellant

v.

CHARLES BARKLEY; SUBWAY; FANDUEL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-23-cv-00079)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2023
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed May 8, 2023)
_____

OPINION[*]
_____

PER CURIAM

     Appellant Ronald Emrit appeals from the District Court's order dismissing his

complaint without leave to amend.  For the reasons that follow, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Emrit has filed over 500 lawsuits throughout the country. See Emrit v. Special Agent, No. 1:22CV282-AW-HTC, 2022 WL 17824014, at *1 (N.D. Fla. Nov. 9, 2022). At issue here is Emrit's pro se complaint lodged against former NBA basketball player Charles Barkley, the fast-food chain Subway, and Fanduel, an online sports betting company. Emrit alleged that, while using his e-mail account, he frequently sees "vertical banner advertisements featuring Charles Barkley for either a sporting goods store, Fanduel or Subway," which "interfere[d] with [his] concentration . . . while . . . using his [email] account in the ordinary course of business." ECF No. 1 at 4-5. He also claimed that, because he has previously sued the CIA, the "CIA utilizes advertisements of Charles Barkley, Subway, Fan Duel, and sporting goods to annoy or harass" him. Id. at 5. Emrit requested $45 million in damages. Id. at 9.

The Magistrate Judge screened the complaint under 28 U.S.C. § 1915(e)(2)(B), and recommended dismissing the complaint because Emrit had failed to state a short and plain statement for relief under Federal Rule of Civil Procedure 8, and because venue in the Middle District of Pennsylvania was improper.[1] The District Court adopted that recommendation and dismissed the complaint without extending leave to amend the complaint. Emrit timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the sua sponte dismissal of a complaint under § 1915(e), see Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and we may affirm a district court's ruling on any basis

---

[1] Emrit resides in Florida. Additionally, in his complaint, he indicated that venue was likely proper in Alabama because Barkley attended college there. ECF No. 1 at 3.

supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will affirm the dismissal because Emrit's complaint is frivolous.  See § 1915(e)(2)(B).  His allegations that the CIA is publishing advertisements involving Charles Barkley to harass him are baseless and fantastical.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint is frivolous if it "lacks an arguable basis either in law or in fact," which "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (a complaint's factual allegations are "clearly baseless" if they are "fanciful, fantastic, [or] delusional" (citations omitted)).  Furthermore, Emrit's vague references to various federal statutes do not establish a legal basis for relief.[2]

Under these circumstances, the District Court also did not err in denying Emrit's complaint without leave to amend because amendment would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Emrit's appellate brief tends only to confirm this point.  There, he renewed the allegations in his complaint and argued that the advertisements provided a way for technology companies to "engage in a form of mind control to turn humans into artificial intelligence."  C.A. No. 4 at 5. Accordingly, we will affirm the judgment of the District Court.

---

[2]  Emrit filed similar complaints in other Courts, which have also dismissed the complaint as frivolous.  See Emrit v. Barkley, No. 2:23-CV-00019-RDP, 2023 WL 2189483, at *3 (N.D. Ala. Feb. 23, 2023); Emrit v. Barkley, No. CV 1:23-00003-KD-B, 2023 WL 2352359, at *1 (S.D. Ala. Mar. 3, 2023); W.D. Pa. Civ. No. 2:23-cv-00034, ECF No. 2 at 6-7.